13173

C. I. T. CORPORATION v. SMITH

(159 S. E., 453)

*Mr. T. P. Taylor,* for appellant,

Messrs. *W. R. Symmes* and *D. W. Robinson, Jr.,* for respondent,

June 10, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Mann, dated March 8, 1930, refusing a motion by the plaintiff to have L. M. Gressette, trustee in bankruptcy of the defendant Smith, substituted in his place as defendant.

The circumstances are these: On November 27, 1929, the corporation instituted claim and delivery proceedings against Smith for the possession of certain automobiles upon which it had what was equivalent to chattel mortgages, the breach of which relied upon was the alleged insolvency of Smith, as provided for therein. Thereafter, on December 7th, Smith was adjudged a bankrupt in the Federal Court. On December 18th he filed an answer to the complaint in claim and delivery denying his insolvency, the alleged breach of the mortgages, and set up a counterclaim in the sum of $3,000.00 based upon the alleged wrongful taking of the automobiles and for conversion. He further alleged that the acts of the plaintiff were willful, causing his credit to be impaired and forcing him into bankruptcy, as a result of which his business was destroyed to his damage in the sum claimed. Thereafter the plaintiff moved before his Honor, Judge Mann, for an order substituting the

trustee in bankruptcy as defendant in the place of Smith upon the ground that Smith had been adjudged a bankrupt since the commencement of the action, and that any cause of action which he may have had based upon the alleged unlawful taking and detention of his property accrued to the trustee as an asset of the bankrupt estate. His Honor, Judge Mann, refused to make the order of substitution, but in his order directed that the trustee be made a party defendant along with the defendant, Smith. From this order the plaintiff has appealed.

The question in the case is whether the alleged cause of action of the defendant resulting from the taking of the property accrued to the trustee in bankruptcy.

Section 70 of the Bankruptcy Act of 1898 (11 U. S. C. A., § 110), provides that the assets of the bankrupt to which the title vests in the trustee upon adjudication and the appointment of a trustee include all "rights of action arising upon contracts or from the unlawful taking or detention of, or injury to [the bankrupt's] property."

It appears, therefore, that the cause of action set forth in the defendant's counterclaim comes squarely within the Federal Statute as a right of action arising "from the unlawful detention of or injury to his property," and that upon bankruptcy of the defendant it passed to his trustee. The motion to substitute the trustee for the bankrupt was therefore improperly refused.

The judgment of this Court is that the order appealed from be reversed and that the case be remanded ·to the Court of Common Pleas for further proceedings consistent herewith.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.